UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TREVOR DANIEL PIOTROWSKI,

           Plaintiff,           Case No. 1:12-cv-11

v.                                       Honorable Paul L. Maloney

STATE OF MICHIGAN et al.,

           Defendants.

_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and he will pay the initial partial filing fee when fees become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Trevor Daniel Piotrowski is incarcerated with the Michigan Department of Corrections (MDOC) at the Woodland Center Correctional Facility. He sues the State of Michigan, the MDOC, and the following individuals: Michigan Governor Rick Snyder, MDOC Director Daniel Heyns, Brian Calley, Ruth Johnson, Bill Schutte, Andy Dillon, Michael P. Flanagan, and Kirk T. Steudle.

Plaintiff alleges that, in 2009, while he was housed at Ionia Maximum Correctional Facility, the "heavenly Creator" revealed to himself to Plaintiff. (Compl. 4, docket #1.) Since that time, Plaintiff has informed various governmental officials of his new name, "Jesus," and "enlarged capacity" as "Head of the Church," but no state official has recognized his new name or capacity. (*Id.*) He contends that officials continued to "diminish and discriminate" against him. (*Id.*) In a memorandum of law attached to the complaint, Plaintiff asserts that he has a right under common law to "assume any name he wishes . . . so long as he does not assume it for fraudulent purposes." (Ex. 1 to Compl., docket #1-1, Page ID#6.)

**Discussion**

I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff does not identify any constitutional rights that would serve as the basis for his action. Construing the complaint liberally, Plaintiff arguably asserts a violation of his right to practice his religion. While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to

freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). Generally, prison officials may only impinge on this right in a manner that is "reasonably related to legitimate penological interests." *Flagner v. Wilkinson*, 241 F.3d 475, 483 (6th Cir. 2001) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Plaintiff's claim that Defendants have not recognized his new name does not state a First Amendment claim, however. The Sixth Circuit has repeatedly found no merit in a prisoner's claim that "prison officials violated his First Amendment rights by refusing to use his religious name." *Spies v. Voinovich*, 173 F.3d 398, 406 (6th Cir.1999); *see Shuaib v. Stiddum*, No. 88–5227, 1988 WL 86126, at *1 (6th Cir. Aug.18, 1988) ("[T]he failure to refer to an inmate by a legally-adopted name simply is not violative of the [F]irst [A]mendment right to freedom of religion.") (citing *Akbar v. Canney*, 634 F.2d 339 (6th Cir.1980)); *see also Porter v. Caruso*, 479 F. Supp. 2d 687, 700 (W.D. Mich. 2007) (noting that the Constitution does not guarantee a right "that prison officials will refer to him only by his chosen appellation"). Similarly, the First Amendment does not require prison officials to recognize Plaintiff's self-declared role as head of the Christian church. Indeed, there are no allegations indicating that Defendants' refusal to recognize that role impairs any rights of Plaintiff, much less the right for him to exercise his religion. For the foregoing reasons, therefore, Plaintiff does not state a First Amendment claim.

Plaintiff also contends that Defendants have discriminated against him. "The Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). To the extent Plaintiff asserts an equal protection claim, however, this claim is wholly unsupported by any facts set forth in the complaint. There are no allegations that Defendants burdened a

fundamental right of Plaintiff, targeted a suspect class of which Plaintiff is a member,[1] or treated Plaintiff differently from others similarly situated to him. In short, his discrimination claim is purely conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555.

In addition, the Court notes that Plaintiff fails to identify any of the Defendants in the allegations of the complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Thus, Plaintiff's complaint must be dismissed for the additional reason that his

---

[1] Prisoners are not a suspect class. *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005).

allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

### II. Immunity

Even if Plaintiff had otherwise stated a claim, he may not maintain a § 1983 action against the State of Michigan or the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, Plaintiff's claims against the State of Michigan and the MDOC must be dismissed for the additional reason that the latter Defendants are immune from suit.

III. State law claims

To the extent Plaintiff asserts claims under state law, § 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Moreover, this Court declines to exercise supplemental jurisdiction over any state law claims. The Sixth Circuit routinely has held that, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state-law claims should be dismissed without reaching their merits. *Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see* 28 U.S.C. § 1367(c)(3). Assuming Plaintiff raises any state-law claims, therefore, they will be dismissed without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

  This is a dismissal as described by 28 U.S.C. § 1915(g).

  A Judgment consistent with this Opinion will be entered.


Dated: <u>February 28, 2012</u>        <u>/s/ Paul L. Maloney</u>
                 Paul L. Maloney
                 Chief United States District Judge